UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEREK GETMAN,

                                  Plaintiff,

                                                                                                           Case # 20-CV-6999-FPG

v.

                                                                                                           DECISION AND ORDER

J. VONDRACEK, et al.,

                                  Defendant.
_____

## INTRODUCTION

*Pro se* Plaintiff Derek Getman brings this action pursuant to 42 U.S.C. § 1983 seeking redress for alleged constitutional violations that occurred while he was confined at the Elmira Correctional Facility. ECF No. 1 (Complaint); ECF No. 9 (Amended Complaint). Before the Court is Plaintiff's motion to appoint counsel. ECF No. 42. Plaintiff has moved for appointment of counsel on two prior occasions. ECF No. 5, 10. Those motions were denied as premature. ECF No. 6, 11. For the reasons below, Plaintiff's present motion is DENIED.

## DISCUSSION

Plaintiff requests that the Court appoint him counsel because he cannot afford legal representation, is not familiar with the Court's rules and procedures, and because he cannot find a lawyer on his own. ECF No. 42. Plaintiff also claims that he has been not able to obtain certain discovery. *Id*.

Although there is no constitutional right to appointed counsel in civil cases, the Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e). *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel

1

in civil cases is within the Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer […] deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers whether the indigent's claims seem likely to be of substance; the indigent's ability to investigate the crucial facts; whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues; and any special reason why appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

After considering these factors, the Court finds that appointment of counsel is not warranted at this time. This case does not appear to be complex—upon screening Plaintiff's pleadings pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court has identified a claim of excessive force against Defendant Vondracek, failure to protect against Defendant John Doe, and deliberate medical indifference against Defendant Palmer. *See generally* ECF No. 11. Plaintiff's pleadings appear to indicate that he understands the relevant issues and demonstrate that he can adequately present his own claims. ECF No. 1, 7, 9, 10. Moreover, the Court discerns no special reasons that would favor the appointment of counsel at this time.

## CONCLUSION

Accordingly, Plaintiff's Motion to Appoint Counsel, ECF No. 42, is DENIED.

IT IS SO ORDERED.

Dated: September 15, 2023
Rochester, New York

 

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York