# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

**Derek Getman,**

           Plaintiff,

    v.

**J. Vondracek, et al.,**

           Defendants.

## DECISION and ORDER

20-cv-6999-FPG-MJP

## APPEARANCES

**For Plaintiff:**            **Derek Getman,** *pro se*
                     7300 Route 36
                     Dansville, NY 14437


**For Defendant:**            **Michele Romance Crain, Esq.**
                     Assistant Attorney General
                     144 Exchange Blvd
                     Rochester, NY 14614

## INTRODUCTION

**Pedersen, M.J.** Plaintiffs often wish to add claims and facts to their complaints. Because federal courts take a generous approach to adding claims and facts, they frequently allow plaintiffs to make changes. But courts do not permit amendments that the plaintiff should have made long ago.

Here, Plaintiff Derek Getman has waited too long. He has waited too long because the deadline for changes has long passed. And he has waited too long because he knew—or should have known—the name of

1

the party he now seeks to add in November 2022. I thus **DENY** his motion to amend on procedural grounds.

## BACKGROUND

Getman alleges that Defendants violated his rights when Defendant Vondracek[1] used excessive force against him. Getman adds that Defendant John Doe failed to intervene to protect him. And he asserts that Defendant Palmer refused to report the incident when Getman told her what happened. (*See generally*, Am. Compl., ECF No. 9, Feb. 24, 2021.)

### *Getman asserts claims against three defendants, one of whom is a John Doe.*

While Vondracek was escorting Getman back to his cell, he allegedly asked Getman about the crime for which Getman was imprisoned. (*Id.* at 5.) Vondracek then allegedly assaulted Getman, giving Getman a black eye and causing long-term damage to his jaw. (*Id.*) Defendant John Doe witnessed the assault yet did nothing. (*Id.* at 6.) Only when Vondracek began choking Getman did Defendant John Doe intervene, ending the assault. (*Id.*)

The next day, Getman told his therapist what happened. (*Id.* at 7.[2]) She allegedly "failed to get" Getman "medical attention" and "failed to report the incident." (*Id.*) Getman asserts that had his therapist

---

[1] Where appropriate, I use "Vondracek" to refer to all defendants.

[2] Getman labels this as page "6(A)."

2

obtained medical attention for him, he would have endured fewer medical issues. (*Id.*)

### *Vondracek confuses the applicable discovery deadlines.*

The most recent scheduling order in this case directed the parties to complete discovery by December 29, 2023, with dispositive motions due on January 31, 2024. (Scheduling Order ¶¶ 5 & 6, ECF No. 41, Sept. 11, 2023.) When Vondracek and Getman filed no dispositive motions, Judge Geraci ordered a status conference to set a trial date. (Text Order, ECF No. 45, Feb. 13, 2024.) Vondracek promptly wrote me, with Getman's consent, to request an extension of deadlines. (Letter, ECF No. 46, Feb. 13, 2024.)

Vondracek incorrectly stated that the deadline for the close of fact discovery in this case was February 2, 2024. (*Id.* at 1.) The letter then requested an extension of deadlines. It also noted that Getman wanted to substitute the correct name for Defendant John Doe.

I granted in part and denied in part Vondracek's belated request. (Text Order, ECF No. 47, Feb. 14, 2024.) My order recounted a case management conference during which I was unambiguous that discovery would close in December 2023, not February 2024. I also noted that the operative scheduling order set the same deadline, and not a February 2024 deadline for fact discovery. (Scheduling Order ¶ 5, ECF No. 41.) Despite the parties' mistake, I found good cause for briefly extending discovery until March 29, 2024. (Text Order, ECF No. 47.) I additionally

extended the deadline for dispositive motions to April 30, 2024. (*See id*.)
I extended that deadline again after Vondracek's attorney contacted me
about her extremely difficult personal and professional circumstances.
(Text Order, ECF No. 55, Apr. 24, 2024.)

### Getman files his late motion to amend.

In the February 14 text order, I also directed Getman to file any
motion to amend to substitute Defendant John Doe's true name by
March 29, 2024. I was careful to note that the "deadline for adding par-
ties like the 'John Doe' here has long passed." (*Id*.) I noted that I might
reject Getman's motion out-of-hand as untimely if he did not file it by
March 29, 2024, the date I had set for any additional discovery. (*Id*.)
Because Getman filed the motion before March 29, I have analyzed it
under the applicable good cause standard.

Getman filed his motion to amend on March 25, 2024. (ECF No.
52.) Getman states that he "was not aware of this individual's name un-
til [he] received a letter dated February 13, 2024 from" Vondracek's
counsel. (*Id*. at 2.) But Getman notes that he has "been in and out of
jail[,] complicating the discovery process." (*Id*. at 3.)

Vondracek opposed in a short declaration. Vondracek indicates
that Getman knew or should have known the "possible name of the John
Doe" from a "letter to him dated November 18, 2022." (Crain Decl. in
Oppn. ¶ 3, ECF No. 54, Apr. 8, 2024 ("Crain Decl.").) Vondracek adds
that "[n]othing has prevented" Getman "from amending his" amended

complaint "in the past 14 months" since learning the John Doe's identity. (*Id.* ¶ 4.) Finally, Vondracek points to prejudice that could arise from the Court granting Getman's motion to amend. (*Id.* ¶ 6.)

Getman failed to reply by the deadline I had set. (Text Order, ECF No. 53, Mar. 26, 2023.) This decision and order followed.

## MAGISTRATE JUDGE JURISDICTION

"As a matter of case management, a district judge may refer non-dispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent." *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (citing 28 U.S.C. § 636); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. PVT Ltd.*, 338 F.R.D. 579, 583 (S.D.N.Y. 2021) (quoting *Media Glow Digital, LLC v. Panasonic Corp. of N. Am.*, No. 16 CIV 7907 (PGG), 2020 WL 3483632, at *3 (S.D.N.Y. June 26, 2020)) ("A motion to amend is not a dispositive motion.").

Judge Geraci referred this case to me "for all pretrial matters excluding dispositive motions." (Text Order, ECF No. 18, June 21, 2021.) Based on the Second Circuit's statement in *Fielding*, motions to amend are part of that referral. This question is more complicated, though.

*First*, later decisions have pointed to flaws in relying too much on *Fielding's* guidance. *See, e.g., Lubavitch of Old Westbury, Inc. v. Inc. Vill. of Old Westbury, New York*, No. 208CV5081DRHARL, 2021 WL 4472852, at *9 (E.D.N.Y. Sept. 30, 2021) (alteration added) (quoting

5

*Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 25 (2d Cir. 2012)) ("But in *Jean-Laurent*, a non-precedential summary decision, the [Second] Circuit held that denying Plaintiffs 'leave to plead new claims' effectively 'amounts to a ruling on a dispositive matter, something that exceeds a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A).'"). The Second Circuit has thus given conflicting signals about this question.

*Second*, this District seems torn about how magistrate judges should decide motions to amend. Some judges have distinguished between denial of a motion to amend on procedural grounds and denial for futility. *See, e.g., Antonacci v. KJT Grp., 11 Inc.*, No. 21-CV-6578L, 2022 WL 1656787, at *2 (W.D.N.Y. May 25, 2022) (holding that where a magistrate judge finds "that amendment should be denied on the ground of futility" the decision must be by report and recommendation because this "amounts to a conclusion that the proposed amendment would not withstand a motion to dismiss"). Others have noted that "the weight of authority in this Circuit, as well as the Second Circuit's guidance in *Fielding*," indicate that motions to amend are non-dispositive. *Steuben Foods, Inc. v. GEA Process Eng'g, Inc.*, No. 112CV00904EAWJJM, 2016 WL 3876644, at *2 (W.D.N.Y. July 12, 2016); *see also Thomas v. ConAgra Foods, Inc.*, No. 620CV06239EAWMJP, 2022 WL 3699408, at *3 (W.D.N.Y. Aug. 26, 2022).

At most, it seems that motions to amend are dispositive only when the magistrate judge denies based on futility. But there are strong reasons to think that all motions to amend are non-dispositive.

Other circuits' decisions provide persuasive reasoning on this question. The Seventh Circuit has noted that: "The thinking reflected" in holding that denial of a motion to amend based on futility requires a report and recommendation "is that by declaring a proposed amendment futile, the magistrate judge has effectively engaged in the Rule 12(b)(6)[] analysis and has decided the amendment fails to state a claim, thus making the decision dispositive." *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (alteration added). True, "[m]otions to dismiss and for summary judgment are clearly classified as dispositive motions by" 28 U.S.C. § 636(b)(1)(A). *HCC, Inc. v. R H & M Mach. Co.*, 39 F. Supp. 2d 317, 322 (S.D.N.Y. 1999). But motions to amend are not. 28 U.S.C. § 636(b)(1)(A).

As these Circuit Courts have held, motions to dismiss and for summary judgment are qualitatively distinct from motions to amend; they do "not terminate" the "existing lawsuit" rather, they only prevent changes to parties or claims. *Hall*, 469 F.3d at 595; *accord Satanic Temple v. City of Belle Plaine, Minnesota*, 80 F.4th 864, 871 (8th Cir. 2023) (holding that the "Magistrate Judge's denial of the motion to amend did not dispose of any claims" and was thus non-dispositive); *Kenny v.*

*United States*, 489 F. App'x 628, 630 (3d Cir. 2012) (noting that "[s]tat-utory and precedential authority largely rejects" the argument that motions to amend are dispositive). Finally, nothing prevents a plaintiff from appealing the issue once the Court enters a final judgment.

Because I decide this motion on Rule 16 grounds, I am issuing a decision and order. *See George v. Prestolite Elec. Inc.*, No. 12-CV-01041(A)(M), 2013 WL 12234639, at *3 (W.D.N.Y. July 22, 2013) (McCarthy, M.J.) ("Since I am deciding this motion based upon Rule 16, I am issuing a Decision and Order rather than a Report and Recommendation."). But without uniformity on these questions, magistrate judges will be forced to continue reading tea leaves in deciding how to handle motions to amend.

## LEGAL STANDARD

Ordinarily, Getman's motion to amend would be governed by Fed. R. Civ. P. 15(a)(2), under which permission to amend "should be freely granted." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). Under Fed. R. Civ. P. 15(a)(2), the Court retains discretion to deny the motion "in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This is a "liberal" and "permissive"

standard." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).

But this case presents a different situation. The deadline for motions to amend lapsed long ago. "The period of 'liberal' amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted." *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). "It is still possible for the plaintiff to amend the complaint after such a deadline, but the plaintiff may do so only upon a showing of the 'good cause' that is required to modify a scheduling order under Rule 16(b)(4)." *Id.* (citation omitted); *see also Thomas*, 2022 WL 3699408, at *3 (W.D.N.Y. Aug. 26, 2022) (collecting cases) ("When considering an untimely motion for leave to amend, district courts throughout the Second Circuit have held that, '[t]he standards of Rule 16(b) must be met first and cannot be short-circuited by an appeal to those of Rule 15(a).'"). This is a higher standard.

The Second Circuit has thus concluded that where a plaintiff moves to amend after the deadline set by a scheduling order, Fed. R. Civ. P.'s "lenient standard" must be "balanced against" Fed. R. Civ. P. 16(b)(4)'s requirement that "the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (internal quotation omitted). Rule 16(b)'s "'good cause' standard, rather than the more liberal standard of

Rule 15(a) governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000), *overruled on other grounds by Natofsky v. City of New York*, 921 F.3d 337 (2d Cir. 2019). Thus, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Id.*

## DISCUSSION

While the issues of magistrate judge jurisdiction and the appropriate legal standards are thornier, the merits of this case are straightforward. Because Getman fails to meet the good cause standard under Fed. R. Civ. P. 16(b)(4), I deny his motion. That rule provides: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

### Getman must show diligence.

In the good cause analysis, "the primary consideration is whether the moving party can demonstrate diligence[,]" but the Court may also consider "other relevant factors including ... whether allowing the amendment of the pleading at this stage of the litigation would prejudice defendants." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). These other factors do not excuse the moving party from demonstrating diligence. *See Engles v. Jones*, 405 F. Supp. 3d 397, 407

10

(W.D.N.Y. 2019) (alterations added) (quoting *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012)) ("[T]o show good cause, a movant must demonstrate that it has been diligent[.]"). "The burden of showing diligence rests on the moving party." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014) (citing *Parker*, 204 F.3d at 340).

### *Getman does not show diligence.*

Getman fails to meet his burden of demonstrating diligence. Instead, the record here shows that he knew or should have known the name of Defendant John Doe since November 2022. Yet Getman has only now moved to amend. This is not enough for good cause. *See Thomas*, 2022 WL 3699408, at *5 (cleaned up) ("Defendants bear no burden on this motion—it is plaintiff's burden to show good cause under Rule 16(b)(4).").

Here, the deadline for motions to amend was in May 2022. (Scheduling Order ¶ 2, ECF No. 23, Feb. 16, 2022.) Before that deadline, Vondracek wrote to Getman, stating, "I am unable to ascertain the identity of [Defendant] John Doe based upon the information contained in your Amended Complaint. Kindly provide me with additional information such as a physical description[.]" (Letter, ECF No. 16, June 16, 2021.) Getman responded in a letter dated August 9, 2021, providing information about Defendant John Doe. (Letter at 2, ECF No. 21, Aug. 12, 2021.) Vondracek sent a letter with the putative name of Defendant

John Doe on November 18, 2022. (Crain Decl. ¶ 3 & Ex. A, ECF No. 54, Apr. 8, 2024.) The name from the November 2022 letter is the same name that Getman now asks to add to his complaint. (Mot. to Am. at 1, ECF No. 52.)

That letter went to Getman's last known address—which is all that the Federal Rules require. Fed. R. Civ. P. 5(b)(2)(C). Getman wrote the Court early in this case to provide his address. (Letter, Dec. 20, 2021, ECF No. 21 ("I would like the current address to be changed to [ ] 7300 Rt 36[,] Dansville NY 14437.").) That was the last known address Vondracek used to mail the possible name of Defendant John Doe. (Crain Decl., Ex. A, ECF No. 54-1.) Getman did not update his address again until much later. (Not. of Change of Address, ECF No. 33, Mar. 23, 2023.) Because Vondracek used Getman's last known address based on Getman's representation, service of the November 22 letter was "complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *see also Sanders v. New York City Dep't of Corr.*, 376 F. App'x 151, 152 (2d Cir. 2010) (quoting *Grievance Comm. v. Polur,* 67 F.3d 3, 6 (2d Cir. 1995)) ("This Court has recognized that, in the context of notice to parties of court actions and proceedings, "[t]he proper focus of the due process inquiry is not whether notice ... was actually received but whether the means selected were 'such as one desirous of actually informing the [litigant] might reasonably adopt to accomplish it.'"). While Rule 5 deals with service and due

process, I find it persuasive here because it demonstrates that Vondracek properly informed Getman of Defendant John Doe's identity long ago.

Admittedly, Vondracek sent that letter after the applicable deadline. No matter. Had Getman "promptly" brought a motion to amend after he "learn[ed]" Defendant John Doe's true name, I would likely have granted Getman's motion. *See Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of New York & New Jersey*, No. 15-CV-3526 (AJN), 2016 WL 6083956, at \*5 (S.D.N.Y. Oct. 17, 2016) ("Courts have consistently recognized that if a party learns new facts through discovery that were unavailable prior to the applicable deadline and moves promptly to name new parties based on such facts, leave to amend is appropriate.") That is not what happened here.

It took Getman more than two years to move to substitute John Doe's true name. "Orderly disposition of cases requires parties not unduly delay in seeking relief." *Document Sec. Sys., Inc. v. Ronaldi*, No. 20-CV-6265-EAW-MJP, 2022 WL 2207185, at \*11 (W.D.N.Y. June 21, 2022) (alteration removed). Vondracek did what was necessary under the Federal Rules to provide Getman "notice of" Defendant John Doe's true name in November 2022. *Weisshaus v. Port Auth. of New York & New Jersey*, No. 21-CV-2062-ENV-SJB, 2023 WL 3603414, at \*4 (E.D.N.Y. May 23, 2023). On this record, I find that Getman was not diligent, and

I thus deny his motion to amend. *See Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (affirming denial of motion to amend where "plaintiffs delayed more than one year before seeking to amend their complaint"); *see also Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013) ("The district court acted well within its discretion in concluding that plaintiffs' three-month failure to move for amendment after learning the officers' names failed to demonstrate the diligence necessary to satisfy Rule 16.").

## CONCLUSION

For these reasons, the Court **DENIES** Getman's motion to amend on procedural grounds under Fed. R. Civ. P. 16(b)(4). (ECF No. 52.)

**IT IS SO ORDERED.**

Dated:     April 25, 2024
           Rochester, NY

_____
MARK W. PEDERSEN
United States Magistrate
Judge