UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Derek Getman,

                                                      Plaintiff,                         Case # 20-CV-6999-FPG

v.                                                                                      DECISION AND ORDER

J. Vondracek, *et al.*,

                                                      Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Derek Getman brings this civil rights action against Defendants J. Vondracek, Police Officer John Doe, and Megan Palmer. ECF No. 9 (amended complaint). At screening, the Court construed Plaintiff's amended complaint to raise three cognizable claims under 42 U.S.C. § 1983: (1) excessive force, in violation of the Eighth Amendment, by Vondracek, (2) failure to intervene by John Doe,[1] and (3) deliberate indifference to medical needs, in violation of the Eighth Amendment, by Palmer.[2] ECF No. 11. Presently before the Court is Palmer's motion for summary judgment on the deliberate indifference claim. ECF No. 77. Plaintiff opposes the motion. ECF No. 87. For the reasons that follow, Palmer's motion is GRANTED.

---

[1] In April 2024, Magistrate Judge Mark W. Pedersen denied Plaintiff leave to substitute Ernest Bonaparte in place of the John Doe officer. *See* ECF Nos. 52, 54, 56. In light of that ruling, the Court will direct the Clerk of Court to terminate "Police Officer John Doe" as a defendant.

[2] Palmer construes Plaintiff's amended complaint to raise a "failure to protect" claim against her as well, and she moves for summary judgment on that claim. *See* ECF No. 77-12 at 9. Because Plaintiff confirms that he is not raising such a claim, *see* ECF No. 87 at 14-15, the Court need not address it any further.

1

**LEGAL STANDARD**

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

**DISCUSSION**

By way of background, Plaintiff was incarcerated at Elmira Correctional Facility beginning in April 2019. In the amended complaint, Plaintiff alleges that on April 23, 2019, he was attacked by Vondracek, a correctional officer at the facility, without provocation. *See* ECF No. 9 at 5. The next day, Plaintiff met with Palmer—a licensed mental health coordinator at Elmira. During their meeting, Plaintiff disclosed the assault to Palmer. *Id.* at 7. Moreover, Plaintiff was still suffering from "obvious" injuries due to the assault, including a "swollen black and blue eye." *Id.* Plaintiff asserts that Palmer failed to obtain medical care for him. *Id.*

In connection with this litigation, Plaintiff was deposed. *See* ECF No. 77-3. Plaintiff's deposition testimony corroborates the allegations in the amended complaint. He testified that, in the observation room of Elmira's mental health unit, Vondracek assaulted him for five-to-ten

minutes, *id.* at 46, during which time Vondracek punched Plaintiff in the face, threw him against the wall, kneed him in the body, and choked him. *Id.* at 46, 48. After the assault, Vondracek left the observation room, where Plaintiff remained confined. *Id.* at 51.

On the morning of April 24, 2019, Plaintiff met with Palmer. Plaintiff testified that his right eye was swelling and bruised from the assault. *Id.* at 58, 64. Plaintiff disclosed to Plaintiff that Vondracek had "beat [him] up," *id.* at 63, and Palmer assured him that she would report it and get him "out of there," *id.* at 64. Ultimately, however, Palmer did not report the assault, and did not otherwise take steps to obtain medical care for Plaintiff. Plaintiff stayed at Elmira until April 25, 2019, when he was transferred to a different facility. *Id.* at 66. It was not until April 27, 2019, when Plaintiff was at Downstate Correctional Facility, that he was seen by a nurse for his injuries. *See* ECF No. 77-3 at 145. Even then, the nurse did not provide any medical care to Plaintiff. The relevant treatment note indicates that no care was provided because Plaintiff stated there was no pain, no open areas noted, and no damage to the eye or socket. *See id.* Plaintiff disputes the characterization of his injuries in this note. He claims that he was still in pain from the assault at this appointment, *id.* at 88, and that he continues to have jaw and temple pain because the jaw has "moved out [of its] socket," *id.* at 98.

In her summary judgment motion, Palmer challenges Plaintiff's allegations. Although she has no recollection of their meeting, Palmer states that she would have memorialized accusations of the kind Plaintiff alleges in her treatment notes, and her notes do not reveal any complaints of injury or assault. *See* ECF No. 77-4 at 2-3. Thus, she concludes that, at their meeting, Plaintiff "did not advise [her] that he had a serious medical condition that required

3

treatment," "did not request treatment for physical injuries," and "did not request that he be protected from any inmates or [Elmira] staff."[3] *Id.* at 3.

In her motion, Palmer contends that summary judgment is warranted because, *inter alia*, Plaintiff has not demonstrated that she possessed a sufficiently culpable state of mind. Because the Court agrees, it need not address Palmer's other arguments.

"In order to state an Eighth Amendment claim based on constitutionally inadequate medical treatment, the plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Wright v. Genovese*, 694 F. Supp. 2d 137, 153 (N.D.N.Y. 2010) (internal quotation marks omitted). This standard consists of two elements: "The first element is objective and measures the severity of the deprivation, while the second element is subjective and ensures that the defendant acted with a sufficiently culpable state of mind." *Id.*

As to the subjective prong of a deliberate-indifference claim, the Second Circuit has written as follows:

> The second requirement for an Eighth Amendment violation is subjective: the charged official must act with a sufficiently culpable state of mind. In medical-treatment cases . . . the official's state of mind need not reach the level of knowing and purposeful infliction of harm; it suffices if the plaintiff proves that the official acted with deliberate indifference to inmate health. Deliberate indifference is a mental state equivalent to subjective recklessness, as the term is used in criminal law. This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result. Although less blameworthy than harmful action taken intentionally and knowingly, action taken with reckless indifference is no less actionable. The reckless official need not desire to cause such harm or be aware that such harm will surely or almost certainly result. Rather, proof of awareness of a substantial

---

[3] Plaintiff points out that Palmer's treatment notes appear to reference a different inmate. *See* ECF No. 87 at 1. Although the treatment notes list "Getman, Derek" as the patient, they also reference a "Mr. Sweet." ECF No. 77-5 at 3. Based on this discrepancy, Plaintiff theorizes that the proffered treatment notes actually pertain to an inmate named "Mr. Sweet," and that his treatment notes must be in "Mr. Sweet's" medical file. To Plaintiff, this explains why Palmer's notes do not contain any mention of the assault. Regardless, because the Court assumes Plaintiff's assertions that he disclosed the assault to Palmer, the Court need not resolve this issue.

4

> risk of the harm suffices. But recklessness entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent.
>
> The charged official must be subjectively aware that his conduct creates such a risk. Prison officials may, of course, introduce proof that they were not so aware, such as testimony that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent. . . . The defendant's belief that his conduct poses no risk of serious harm (or an insubstantial risk of serious harm) need not be sound so long as it is sincere. Thus, even if objectively unreasonable, a defendant's mental state may be nonculpable.

*Salahuddin v. Goord*, 467 F.3d 263, 280-81 (2d Cir. 2006) (internal quotation marks and citations omitted).

For these reasons, proof of "medical malpractice" is not enough "by itself to support an Eighth Amendment claim." *Wright v. Rao*, 622 F. App'x 46, 47-48 (2d Cir. 2015) (summary order). But malpractice "may be actionable under the Eighth Amendment when [it] involves culpable recklessness, that is, an act by a prison doctor that evinces a conscious disregard of a substantial risk of serious harm." *Dotson v. Fischer*, 613 F. App'x 35, 39 (2d Cir. 2015) (summary order) (internal quotation marks and ellipsis omitted)). The same standard applies to nonmedical prison personnel. "[T]o establish a deliberate indifference claim against nonmedical personnel, a plaintiff must prove that the nonmedical prison personnel intentionally delayed access to medical care when the inmate was in extreme pain and made his medical problems known to the attendant prison personnel or that the inmate suffered a complete denial of medical treatment." *Labossiere v. Baxter*, No. 21-CV-10538, 2025 WL 887623, at *5 (S.D.N.Y. Mar. 21, 2025) (internal quotation marks and brackets omitted). "At a minimum, there must be at least some allegations of a conscious or callous indifference to a prisoner's rights." *Id.*

In this case, while it cannot be disputed "that being assaulted is serious," the relevant question is whether Palmer was indifferent to a serious medical *need* which "mandat[ed]

5

treatment" or otherwise necessitated "a doctor's attention." *Pentsas v. Tate*, No. 23-CV-128, 2023 WL 10949023, at *3 (W.D. Pa. Dec. 13, 2023). Even taking the evidence in the light most favorable to Plaintiff, there is insufficient evidence from which a reasonable factfinder could conclude that Palmer subjectively knew of and disregarded an excessive risk that Plaintiff was in ongoing need of medical treatment or attention. To be sure, the Court can imagine scenarios in which the injuries from a recent assault so obviously convey the need for immediate medical attention as to suggest deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) ("[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."); *see, e.g.*, *Austin v. Cnty. of Alameda*, No. 15-CV-942, 2015 WL 3833239, at *6 (N.D. Cal. June 19, 2025) (finding subjective prong sufficiently pleaded since "any reasonable prison guard who viewed a prisoner who had been beaten as badly as [the plaintiff] claims he was would likely have understood that [the prisoner] was suffering with an objectively serious medical need"). Yet Plaintiff concedes that the only apparent injury from which he suffered when he disclosed the assault to Palmer was a swollen and bruised eye. *See* ECF No. 87 at 8. Plaintiff does not claim that he made any request for medical treatment to Palmer, or that he manifested any other symptoms of severe pain or injury.

Courts have held that that the kinds of bruising and swelling that Plaintiff suffered are not serious medical needs. *See, e.g.*, *Jordan v. Gifford*, No. 19-CV-1628, 2023 WL 2895883, at *7 n.7 (D. Conn. Apr. 11, 2023) ("[T]emporary injuries such as a black eye or busted lip are generally not considered serious medical conditions of a constitutional dimension."); *Louime v. Lamanna*, No. 21-CV-9594, 2023 WL 1385180, at *6 (S.D.N.Y. Jan. 31, 2023) ("[B]ruising, lacerations to the head and face, pain, and blurry vision[] are minor, temporary injuries which have been held not to constitute serious medical needs as a matter of law." (internal quotation

marks omitted)). Because Plaintiff's outward injuries did not present an objectively serious medical need, it follows that they could not, standing alone, provide a basis to infer Palmer's deliberate indifference to an objectively serious medical need. *Accord McDay v. Bushey*, No. 14-CV-997, 2016 WL 6638182, at *7 (N.D.N.Y. Aug. 10, 2016) (where inmate met with prison nurse immediately after assault by correctional officers, and presented with bruises, abrasions, scratches, and a swollen lip, granting summary judgment in nurse's favor for lack of proof of "subjective recklessness" despite inmate's claim of inadequate treatment). And while Plaintiff claims that the assault also caused chronic migraines and lasting harm to his jaw, there is no evidence to suggest that Palmer was aware of those medical risks based solely on her observations and communications with Plaintiff during their brief, five-minute encounter. *See Lombardo v. Graham*, 807 F. App'x 120, 123 (2d Cir. 2020) (summary order) (inmate failed to sufficiently allege nurse's subjective culpability, where nurse was aware that inmate had been injured in assault by another prisoner but was unaware that he was suffering from a partially collapsed lung and broken ribs); *Rega v. Beard*, No. 08-CV-156, 2010 WL 3420963, at *7 (W.D. Pa. Aug. 27, 2010) (where inmate met with nurse after assault by fellow inmate, and was suffering from "bruising and swelling on his face" and complained of "pain throughout his body," concluding that deliberate indifference could not be inferred from mere fact that nurse did not appreciate the "severity of [the inmate's] injuries"); *see also Cannon v. Dehner*, 112 F.4th 580, 587 (8th Cir. 2024) (stating that a court must "assess each defendant's knowledge at the time in question, not by hindsight's perfect vision" (internal quotation marks omitted)).

Accordingly, the Court agrees with Palmer that Plaintiff has failed to present sufficient evidence to substantiate his claim against her for deliberate indifference to his medical needs. Summary judgment is therefore appropriate.

## CONCLUSION

For these reasons, Defendant Megan Palmer's motion for summary judgment (ECF No. 77) is GRANTED. The Clerk of Court shall terminate Megan Palmer and Police Officer John Doe as defendants. This matter will proceed to trial solely on the excessive-force claim against Defendant Vondracek. The Court schedules a status conference to set a trial date for June 17, 2025, at 2:00 PM, in Rochester, New York. Because Plaintiff is currently incarcerated, the Court grants both parties leave to appear by videoconference, which the Court will coordinate with Plaintiff's facility.

IT IS SO ORDERED.

Dated:  May 20, 2025
       Rochester, New York
                                            HON. FRANK P. GERACI, JR.
                                            United States District Judge
                                            Western District of New York