UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEREK GETMAN,

                              Plaintiff,

                                                                                                   Case # 20-CV-6999-FPG

v.

                                                                                                 DECISION AND ORDER

J. VONDRACEK,

                              Defendant.
_____

## INTRODUCTION

*Pro se* Plaintiff Derek Getman brings this action pursuant to 42 U.S.C. § 1983 seeking redress for alleged constitutional violations that occurred while he was confined at the Elmira Correctional Facility. ECF Nos. 1, 9. Before the Court is Plaintiff's motion to appoint counsel. ECF No. 99. Plaintiff has previously moved for appointment of counsel four times. ECF Nos. 5, 10, 42, 76. The first two motions were denied as premature, ECF Nos. 6, 11, and the third and fourth were denied after the Court found no special circumstances warranting appointment of counsel, ECF Nos. 43, 79. For the reasons below, Plaintiff's present motion is DENIED.

## DISCUSSION

Plaintiff requests that the Court appoint him counsel because he cannot afford an attorney, is not knowledgeable with court proceedings and questioning of witnesses, and will not be able to meet this Court's deadlines "as the defendant hasn't provided to [him] still the photo or review of the O.S.I file." ECF No. 99.

Although there is no constitutional right to appointed counsel in civil cases, the Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e). *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel

in civil cases is within the Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer […] deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers whether the indigent's claims seem likely to be of substance; the indigent's ability to investigate the crucial facts; whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues; and any special reason why appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

With this in mind, the Court finds that appointment of counsel is not warranted. As the Court stated in its previous orders denying counsel, ECF Nos. 43, 79, this case is not overly complex, with the Court having identified only one claim: an excessive-force claim against Defendant Vondracek, *see generally* ECF No. 89. Plaintiff has, thus far, shown himself capable of presenting and arguing his claims without an attorney, and he has not offered any new reasons for appointment of counsel that the Court did not already reject in its prior order. *See* ECF No. 43. Regarding Plaintiff's argument that Defendant has denied access to the requested photos and O.S.I. file, the Court notes Defendant's response that defense counsel is arranging for Plaintiff to review the O.S.I. file before the end of January and that a copy of the photograph was mailed to Plaintiff on January 9, 2026. ECF Nos. 101, 102. Accordingly, Plaintiff is considered capable of obtaining the material without the appointment of counsel.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Appoint Counsel, ECF No. 99, is DENIED.

IT IS SO ORDERED.

Dated: January 15, 2026
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York